IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| TIMMY TERRELL HARRIS, | : | |
| Plaintiff | : | |
| VS. | : | |
| Sheriff ASHLEY PAULK, CARLTON HARRELL, KENNY McDONALD, and Detective ROBERT RENFROE, | : | NO. 7:06-CV-74 (HL) |
| Defendants | : | **O R D E R** |

Plaintiff **TIMMY TERRELL HARRIS**, apparently a pretrial detainee at the Lowndes County Jail in Valdosta, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a) (Tab # 1). Based on plaintiff's submissions, the Court finds that plaintiff is unable to pay the prepay the filing fee. Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis*.

It is hereby **ORDERED** that plaintiff's custodian or his designee shall set aside twenty percent (20%) of all deposits made to plaintiff's trust fund account and forward those funds to the Clerk each time the amount set aside exceeds $10.00, until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). The Clerk of Court is directed to send a copy of this order to the business manager and the warden of the institution where plaintiff is incarcerated.

## *I. BACKGROUND*

In his complaint, plaintiff has made numerous allegations concerning alleged

unconstitutional conditions of confinement in the segregation unit of the Lowndes County Jail in Valdosta, Georgia. Plaintiff has apparently been confined in the segregation unit since July 14, 2006. Plaintiff alleges generally that the segregation unit, which is unsanitary, lacks proper ventilation and running water, and is "clearly a condemned portion" of the jail, is used to "punish unruly inmates" and to "force pretrial detainees into plea bargains." Plaintiff names as defendants Sheriff Ashley Paulk, Carlton Harrell, Kenny McDonald, and Detective Robert Renfroe.

## II.  ORDER TO SUPPLEMENT

Upon initial review of plaintiff's complaint, the Court finds that additional information is needed before a proper evaluation of his claims can be made. Accordingly, plaintiff is instructed to supplement his complaint by describing with specificity how each of the complained of conditions apply to him personally and how his constitutional rights were violated. For example, with regard to his claim of no running water, plaintiff should explain whether he has suffered from any serious health problems or other injury as a result of the lack of running water. Plaintiff is instructed not to provide general allegations of conditions relative to all inmates, but rather specific information relating to his own personal situation.

Plaintiff is also instructed to demonstrate how each of the named defendants is involved in his claims and why they may be liable to him for damages. Plaintiff should describe the specific actions taken by each defendant or the duties each defendant failed to perform. Plaintiff should explain the level of knowledge defendants possessed about the situation described in each of his claims. Alternatively, if plaintiff is alleging that a particular defendant is liable to him by virtue of

an official policy, he should state the specific policy and how such policy was responsible for an infringement of his rights.

Plaintiff is hereby given thirty (30) days from receipt of this order to submit a supplement to his complaint, limited to these claims only. No other claims will be considered. If plaintiff fails to respond to this order in a timely manner, this action shall be dismissed. There shall be no service of process until further order of the Court.

**SO ORDERED,** this 18th day of August, 2006.

/s/ *Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE