IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| TIMMY TERRELL HARRIS, | : | |
| Plaintiff | : | |
| VS. | : | |
| Sheriff ASHLEY PAULK, CARLTON HARRELL, KENNY McDONALD, and Detective ROBERT RENFROE, | : | NO. 7:06-CV-74 (HL) |
| Defendants | : | **O R D E R** |

Plaintiff **TIMMY TERRELL HARRIS**, a pretrial detainee at the Lowndes County Jail in Valdosta, Georgia, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. On August 18, 2006, Magistrate Judge Richard L. Hodge entered an order granting plaintiff's motion to proceed *in forma pauperis*, but directed plaintiff to file a supplement to his complaint. Although plaintiff has complied with the Court's order, it has now come to the Court's attention that, at the time plaintiff originally filed his complaint herein, plaintiff had accumulated four strikes with respect to lawsuits filed in the Middle District of Alabama.

Under the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), a prisoner is generally precluded from proceeding *in forma pauperis* if at least three prior-prison generated lawsuits or appeals by the prisoner were dismissed as frivolous, malicious or failing to state a claim upon which relief may be granted (dismissal without prejudice for failure to exhaust administrative remedies and dismissal for abuse of judicial process are also properly counted as strikes).[1] 28 U.S.C.

---

[1] The Eleventh Circuit has concluded that section 1915(g) does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due

§1915(g); Fed.R.Civ.P. 12(b)(6); *see Rivera v. Allin*, 144 F.3d 719 (11th Cir. 1998). Section 1915(g) provides an exception to the three strike rule, under which an inmate may proceed *in forma pauperis* if he alleges he is in "imminent danger of serious injury."

As mentioned above, plaintiff has exceeded the "strikes" allowed by the PLRA to a prisoner attempting to proceed *in forma pauperis* in a federal civil lawsuit. *See Harris v. Alpha Lumber and Supply Co.*, 2:01-CV-197-WHA (M.D. Ala. 2001); *Harris v. Shultz*, 2:01-CV-409-WHA (M.D. Ala. 2001); *Harris v. Garner*, 1:06-CV-11-MEF (M.D. Ala. 2006); and *Harris v. Adams*, 1:06-CV-329-WHA (M.D. Ala. 2006). As such, plaintiff cannot proceed *in forma pauperis* in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of section 1915(g). Plaintiff's present complaint relates to jail conditions and an unlawful arrest warrant. These facts do not support a finding of "imminent danger."

Accordingly, the order granting *in forma pauperis* status to the plaintiff is hereby **VACATED** and the instant action is **DISMISSED WITHOUT PREJUDICE.** *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of §1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit."). If plaintiff wishes to bring a new civil rights action, he may do so by submitting new complaint forms and the entire $350.00 filing fee at the time of filing the complaint.

---

process of law, or an inmate's right to equal protection. Accordingly, the Eleventh Circuit upheld the constitutionality of section 1915(g). *Rivera*, 144 F.3d at 721-27.

**SO ORDERED**, this 1st day of September, 2006.

                                              **s/    Hugh Lawson**
                                              HUGH LAWSON
                                              UNITED STATES DISTRICT JUDGE

cr